O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GERI MARSHALL, on behalf of
herself and all others
similarly situated,

                    Plaintiff,

        v.

PH BEAUTY LABS, INC. dba
FREEMAN BEAUTY,

                    Defendant.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 15-02101 DDP (AGRx)

**ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS IN PART AND DENYING IN
PART**

[Dkt. 19]

    Presently before the court is Defendant PH Beauty Labs, Inc.'s
Motion to Dismiss.  Having considered the submissions of the
parties and heard oral argument, the court grants the motion in
part, denies the motion with respect to abandoned arguments, and
adopts the following Order.

**I.    Background**

    Defendant sells a line of skin care products that claim to
provide anti-aging benefits through the incorporation of apple stem
cell extracts.  (Complaint ¶ 1.)  Plaintiff alleges that
Defendant's products do not and cannot provide the advertised

benefits, that the clinical study upon which Defendant bases its claims is not reliable, and the Defendant had breached an express warranty that the products will provide certain dermal benefits. (Id. ¶¶ 2-3.)

Plaintiff purchased one of Defendant's products in Spring 2011, "and then several times thereafter, perhaps approximately 5 tims total." (Id. ¶ 27.) Plaintiff relied on statements including: "Plant-based beauty;" "Contains High Potency/Plant Stem Cells/A Swiss Phyto Extract/ for cellular rejuvenation;" "Clinical Results – 100% of Subjects Experienced Visible Decrease in Wrinkle Depth;" "Anti-Aging Cellular Activator Face Serum;" "Regenerates Skin Cells;" "Rehabilitates Aging Skin;" and "Resists Further Damage." (Id. ¶ 29.) Although she used Defendant's product for "a substantial period of time," Plaintiff did not see the promised results. (Id. ¶ 30.)

Plaintiff's Complaint, removed to this court by Defendant, alleges claims under California law for unfair competition, false advertising, violations of the California Consumer Legal Remedies Act ("CLRA") and breach of express warranty. Defendant now moves to dismiss and/or narrow all claims.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick

1  <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
2  need not include "detailed factual allegations," it must offer
3  "more than an unadorned, the-defendant-unlawfully-harmed-me
4  accusation."  <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or
5  allegations that are no more than a statement of a legal conclusion
6  "are not entitled to the assumption of truth." <u>Id.</u> at 679.  In
7  other words, a pleading that merely offers "labels and
8  conclusions," a "formulaic recitation of the elements," or "naked
9  assertions" will not be sufficient to state a claim upon which
10  relief can be granted.  <u>Id.</u> at 678 (citations and internal
11  quotation marks omitted).
12      "When there are well-pleaded factual allegations, a court should
13  assume their veracity and then determine whether they plausibly
14  give rise to an entitlement of relief." <u>Id.</u> at 679.  Plaintiffs
15  must allege "plausible grounds to infer" that their claims rise
16  "above the speculative level." <u>Twombly</u>, 550 U.S. at 555.
17  "Determining whether a complaint states a plausible claim for
18  relief" is a "context-specific task that requires the reviewing
19  court to draw on its judicial experience and common sense."  <u>Iqbal</u>,
20  556 U.S. at 679.
21  **III. Discussion**
22      A.   Statute of Limitations
23      Claims under California's False Advertising Law ("FAL") and
24  the CLRA are subject to a three year statute of limitations.  Cal.
25  Code. Civ. Pro. § 1783; Cal. Civ. Code § 338(a).  Defendant
26  contends that, because Plaintiff purchased its product in Spring
27  2011, the three-year statutes of limitations had run by the time
28  Plaintiff filed her Complaint in February 2015, particularly in

1  light of Defendant's alleged representation that its products are
2  clinically proven to visibly repair skin in two weeks.  (Compl. ¶
3  24.)

4      Plaintiff first argues that her CLRA and FAL claims are not
5  barred because, although she did first purchase Defendant's product
6  in Spring 2011, the Complaint alleges that she subsequently bought
7  the product again "several times thereafter" and used the product
8  "for a substantial period of time."  (Compl. ¶¶ 27, 30.)  Thus,
9  Plaintiff argues, her "claims may have accrued within the three-
10 year statute of limitations."  (Opposition at 5.)  This vague,
11 speculative assertion is not sufficient to state a plausible claim
12 within the limitations period.

13     Nor is the court persuaded by Plaintiff's invocation of the
14 continuing violation doctrine.  The continuing violation doctrine
15 aggregates "a series of small harms, any one of which may not be
16 actionable on its own, into a single cause of action.  The statute
17 of limitations would run from the date of the last harmful act."
18 NBCUniversal Media, LLC v. Superior Court, 225 Cal. App. 4th 1222,
19 1237 n.10 (2014).  Here, although Plaintiff purchased Defendant's
20 product up to five times, it is unclear to the court why Plaintiff
21 could not have brought her claims after her first disappointment in
22 Spring 2011, or why that instance of alleged deficiency would only
23 be actionable in conjunction with subsequent failures.  While
24 subsequent wrongs might have triggered the statute of limitations
25 anew under the theory of continuous accrual, as stated above,
26 Plaintiff's Complaint does not allege with sufficient certainty or
27 specificity the timing of any purchase, use, or product failure
28 after Spring 2011.  See id.

4

1   Lastly, Plaintiff argues that her CLRA and FAL claims are not
2   time barred under the delayed discovery rule.  That rule "postpones
3   accrual of a cause of action until the plaintiff discovers, or has
4   reason to discover, the cause of action."  <u>Aryeh v. Canon Bus.</u>
5   <u>Solutions, Inc.</u>, 55 Cal. 4th 1185, 1192 (2013) (internal quotation
6   marks omitted).  Plaintiff does not dispute that it is her burden
7   to plead facts showing "(1) the time and manner of discovery and
8   (2) the inability to have made earlier discovery despite reasonable
9   diligence."  <u>Yumul v. Smart Balance, Inc.</u>, 733 F.Supp.2d 1117, 1130
10  (C.D. Cal. 2010).  Plaintiff alleges that she discovered the cause
11  of action in May 2014 after speaking with her counsel, and that she
12  could not have discovered Defendant's "deceptive practices" earlier
13  because she is not a skincare expert and does not have access to
14  scientific publications.  (Complaint ¶¶ 69, 70).

15  Such allegations are not sufficient to establish that
16  Plaintiff was reasonably diligent.  <u>Norgart v. Upjohn Co.</u>, 21 Cal.
17  4th 383, 397 (1999).  For purposes of the delayed discovery rule, a
18  plaintiff discovers a cause of action when she has reason to
19  suspect that someone has done something wrong to her.  A plaintiff
20  cannot simply wait for specific facts necessary to establish a
21  specific cause of action to come to her.  <u>Id.</u> at 397.  Here,
22  Plaintiff appears to have done exactly that.  Plaintiff knew in
23  Spring 2011 that Defendant's product did not deliver on Defendant's
24  alleged promises, yet did nothing for over three years.  The
25  delayed discovery rule is therefore of no help to Plaintiff, and
26  her FAL and CLRA claims are time-barred.  <u>See also Plumlee v.</u>
27  <u>Pfizer, Inc.</u>, No. 13-CV-414-LHK, 2014 WL 4275519 at *7 (N.D. Cal.
28  Aug. 29, 2014).

1    B.   Unfair Competition

2        California's Unfair Competition Law ("UCL") allows, among

3   other things, private suits for restitution and injunctive relief

4   against those alleged to have engaged in any unlawful, unfair, or

5   fraudulent business act or practice.  Rosenbluth Int'l, Inc. v.

6   Superior Court, 101 Cal. App. 4th 1073, 1076-77 (2002); Cal. Bus. &

7   Prof. Code 17200.  The UCL permits claims even when the allegedly

8   wrongful acts violate a statute that does not create a private

9   right of action, or when the statute of limitations has expired on

10  the underlying statute.  Kasky v. Nike, Inc., 27 Cal.4th 929, 950

11  (2002); Tomlinson v. Indymac Bank, F.S.B., 359 F.Supp.2d 898, 900

12  (C.D. Cal. 2005), citing Cortez v. Purolator Air Filtration Prods.

13  Co., 23 Cal. 4th 163, 178-79 (2000).  Because the statute of

14  limitations on UCL claims is four years, the dismissal of

15  Plaintiff's FAL and CLRA claims is not fatal to her UCL claim.

16  Cal. Bus. & Prof. Code § 17208.

17       Much of Plaintiff's Complaint revolves around Defendant's

18  reliance on a study regarding apple stem cells.  (Compl. ¶ 39, et

19  seq.)  The Complaint alleges that the study upon which Defendant

20  relies is not peer reviewed, suffers from a conflict of interest,

21  is not applicable to skin care, is unreliable, and does not support

22  Defendant's claims about its products.  (Id. ¶¶ 39-51).  Defendant

23  asserts that these allegations constitute a "substantiation claim"

24  that cannot serve as the basis for a false advertising or UCL claim

25  under California law.[1]  The court agrees.

26

27  ─────────────────

28       [1] Plaintiff's UCL claim is only partly premised on alleged
    false advertising.

1    Courts distinguish between claims that a defendant's
2    advertisements are actually false and claims that a defendant's
3    representations are insufficiently substantiated.  In re Clorox
4    Consumer Litigation, 894 F.Supp.2d 1224, 1232 (N.D. Cal. 2012).  An
5    advertised representation that has actually been disproved falls
6    into the former category, while a representation that lacks
7    evidentiary support, but has not been disproved, is merely
8    unsubstantiated.  Engel v. Novex Biotech LLC, No. 14-cv-3457-MEJ,
9    2015 WL 846777 at *4 (N.D. Cal. Feb. 25, 2015).  Under California
10   law, substantiation claims may not be brought by private consumers.
11   In re Clorox, 894 F.Supp.2d at 1232; Nat'l Council Against Health
12   Fraud, Inc. v. King Bio Pharm., Inc., 107 Cal.App.4th 1335, 1345
13   (2003); Cal. Bus. & Prof. Code § 17508(b).

14       Plaintiff, citing to Southland Sod Farms v. Stover Seed Co.,
15   108 F.3d 1134, 1139 (9th Cir. 1997), appears to argue that her
16   claim survives Defendant's challenge because the Lanham Act allows
17   for "establishment claims" challenging the validity of a
18   defendant's tests or conclusions.  (Opp. at 8.)  Specifically,
19   Plaintiff contends that her claim is a permissible "establishment
20   claim" and not a barred substantiation claim because she alleges
21   that Defendant made false representations regarding what the
22   clinical test of apple stem cells establishes.  California courts
23   have not, however, adopted the Lanham Act's distinction between
24   establishment and non-establishment claims, and Plaintiff does not
25   bring a Lanham Act claim.  See King Bio, 107 Cal. App. 4th at 1350-
26   51.  Further, as other courts in this circuit have recognized in
27   similar circumstances, in the absence of any allegation that a
28   particular representation has been proven false, to allow a

1   Plaintiff to avoid the substantiation claim bar "simply by adding

2   'magic words,' tethering the claims to an advertiser's particular

3   substantiation" would vitiate California's ban on private

4   substantiation claims.  See Engel, 2015 WL 846777 at *5-6.  While

5   Plaintiff is correct that the court in Andriesian v. Cosmetic

6   Dermatology, Inc., No. 14-cv-1600-ST, 2015 WL 1638729 (D.Or. Mar.

7   3, 2013), denied a motion to dismiss claims similar to Plaintiff's,

8   the Andriesian court applied Oregon and Florida law, not that of

9   California.  Because Plaintiff here does not allege that

10  Defendant's representations have been proven false, its UCL claims

11  related to the adequacy of the clinical testing are substantiation

12  claims, and must be dismissed.[2]

13      C.   Breach of Express Warranty

14      Plaintiff's breach of express warranty claim is based upon

15  Defendant's representation that its product is "CLINICALLY PROVEN

16  to visibly REPAIR & RENEW skin in 2 weeks."  (Compl. ¶ 106.)  "To

17  prevail on a breach of express warranty claim under California law,

18  a plaintiff must prove that: (1) the seller's statements constitute

19  an affirmation of fact or promise or a description of the goods;

20  (2) the statement was part of the basis of the bargain; and (3) the

21  warranty was breached."  In re ConAgra Foods, Inc., – F.Supp.3d – ,

22

23

24

25

26      [2] It is somewhat unclear whether Defendant's arguments
    regarding puffery are targeted at the same claims as its
27  substantiation claim arguments.  In any event, Defendant appears to
    have abandoned its puffery arguments in its reply.  Defendant also
28  appears to have abandoned its arguments regarding Plaintiff's
    standing to bring claims related to products she did not purchase.

1   2015 WL 1062756 at 35 (C.D. Cal. Feb. 23, 2015); <u>Weinstat v.</u>

2   <u>Dentsply Int'l, Inc.</u>, 180 Cal. App. 4th 1213, 1227 (2010).[3]

3        Putting aside the question whether Defendant's representation

4   that its product was clinically proven to have a demonstrable

5   affect is equivalent to an affirmation that Plaintiff would see

6   similar results, Plaintiff's breach of express warranty claim

7   nevertheless fails.  Plaintiff does not dispute that the language

8   to which she points was not displayed on the product's packaging at

9   the time she purchased the product, nor that the language did not

10  appear on the packaging until almost two years later.  (Declaration

11  of Theodore Paul in Support of Motion, Exs. 2, 3.)  Although

12  Plaintiff argues that the court should not go beyond the pleadings

13  to consider the product labels, courts may properly consider

14  documents referenced in the complaint without converting the motion

15  to dismiss into a motion for summary judgment.  <u>See Lee v. City of</u>

16  <u>Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).  Because the

17  Defendant's statement had not yet been made at the time Plaintiff

18  purchased Defendant's product, that statement could not possibly

19  have been part of the basis of the bargain.  Plaintiff's breach of

20  express warranty claim is, therefore, dismissed.

21  **IV.   Conclusion**

22       For the reasons stated above, Defendant's Motion to Dismiss is

23  GRANTED, in part.  Plaintiff's CLRA, FAL, and breach of express

24  warranty claims are DISMISSED, with leave to amend.  Plaintiff's

25  ────────────

26       [3] Although Plaintiff does not appear to take issue with
    Defendant's citation to <u>Williams v. Beechnut Nutrition Corp.</u>, 185
27  Cal. App. 3d 135, 142 (1986) or its statement that reliance is an
    element of a breach of express warranty claim, the majority of
28  cases conclude that reliance is not an essential element.  <u>See In</u>
    <u>re ConAgra</u>, – F.Supp.3d – at 35 n. 198.

UCL claim is dismissed, to the extent that it relies upon substantiation claims and allegations related thereto, with leave to amend.   Insofar as Defendant moved to dismiss certain claims and allegations on puffery and standing grounds, then abandoned those arguments, the motion is DENIED.   Any amended complaint shall be filed within fourteen days of the date of this Order.


IT IS SO ORDERED.


Dated: May 27, 2015

DEAN D. PREGERSON
United States District Judge